United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-41499

United States of America
                              Plaintiff-Appellee,

versus

Jorge Mendoza-Blanco,
also known as Angelo Rodriguez-Carabel
                              Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:

Jorge Mendoza-Blanco pleaded guilty to attempted illegal reentry following deportation in violation of 8 U.S.C. § 1326. The presentence report ("PSR") recommend an offense level of 24, which included a 16-level increase for a prior conviction. Mendoza-Blanco objected to the PSR on the basis of *Blakely v. Washington*,[1] which the district court denied in light of our decision in *United States v. Pineiro*.[2] Mendoza-Blanco now appeals his 100-month sentence pursuant to *United States v. Booker*.[3] Because Mendoza-

---

[1] 124 S. Ct. 2531 (2004).

[2] 377 F.3d 464, 465-66 (5th Cir. 2004).

[3] 125 S. Ct. 738 (2005).

Blanco preserved his claim of error and the government cannot show the error is harmless, we VACATE Mendoza-Blanco's sentence and REMAND to the district court for resentencing.

Because the district court sentenced Mendoza-Blanco under a mandatory Guidelines regime, it committed *Fanfan* error.[4] The government concedes that Mendoza-Blanco's objection on the basis of *Blakely* was sufficient to preserve his *Fanfan* claim. Our review of preserved *Fanfan* claims is for harmless error.[5] Because *Fanfan* error is a nonconstitutional error,[6] the government must show that the error was harmless beyond a reasonable doubt.[7]

---

[4]*See United States v. Valenzuela-Quevado*, 407 F.3d 728, 733 (5th Cir. 2005).

[5]*See United States v. Mares*, 402 F.3d 511, 520 n.9 (5th Cir. 2005) ("[I]f either the Sixth Amendment issue presented in *Booker* or the issue presented in *Fanfan* is preserved in the district court by an objection, we will ordinarily vacate and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure.").

[6]*See Valenzuela-Quevado*, 407 F.3d at 732-34 (discussing the difference between Sixth Amendment *Booker* error and nonconstitutional *Fanfan* error).

[7]*United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005). Although we must follow the panel's decision in *Walters*, *United States v. Ruiz*, 180 F.3d 675, 676 (5th Cir. 1999), we note that the standard of review it applied--requiring the Government to show that preserved Fanfan error was harmless beyond a reasonable doubt--was not contested in the case and appears to be incorrect because Fanfan error is nonconstitutional error. *See United States v. Hughes*, 410 F.3d 540, 553 (4th Cir. 2005) (pointing out that Fanfan error, unlike *Booker* error, is nonconstitutional). Rather, "harmless error" in *Fanfan* cases is defined by the standard announced in *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). *See United States v. Hernandez-Guevara*, 162 F.3d 863, 876 (5th Cir. 1998) (applying *Kotteakos*'s "substantial and injurious effect" standard to preserved nonconstitutional error). But the issue is irrelevant here because the Government cannot meet either burden.

2

Under harmless error, an error that does not affect a defendant's "substantial rights" is disregarded.[8]  Thus, the government must prove that the outcome of the district court proceedings was not affected by the imposition of the mandatory Guidelines.  Here, the government argues that no prejudice resulted to the defendant because the sentencing judge gave no indication that it wanted to impose a lesser sentence.  We are not persuaded, particularly in light of the sentencing judge's decision to impose the minimum sentence under the Guidelines.[9]

Accordingly, we VACATE Mendoza-Blanco's sentence and REMAND for resentencing.[10]

---

[8]FED. R. CRIM. P. 52(a).

[9]*Cf. United States v. Rodriguez-Gutierrez*, 428 F.3d 201, 205-06 (5th Cir. 2005).

[10]Mendoza presents two additional arguments on appeal.  First, to preserve the issue for Supreme Court review, Mendoza challenges the constitutionality of § 1326, but he correctly concedes that this argument is foreclosed.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); *United States v. Alfraro*, 408 F.3d 204, 210-11 (5th Cir. 2005), *cert. denied* (Oct. 3, 2005) (No. 05-5604).  Second, Mendoza argues that the government breached an oral plea agreement by failing to recommend a three-level sentence reduction for Mendoza-Blanco's acceptance of responsibility under U.S.S.G. § 3E1.1.  Since we vacate and remand because of the sentencing judge's *Fanfan* error, we need not address this issue.