United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10010
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERTO LOPEZ-MORENO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:04-CR-249-ALL)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

      Defendant-Appellant Roberto Lopez-Moreno (Lopez) appeals his

guilty-plea conviction and sentence for illegal reentry into the

United States following removal subsequent to a conviction for an

aggravated felony. His constitutional challenge is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Lopez contends that Almendarez-Torres was incorrectly

decided and that a majority of the Supreme Court would overrule

Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2000), and its progeny, we have repeatedly rejected such arguments because Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Lopez asserts that the district court committed reversible error under United States v. Booker, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.  The government maintains that the error was harmless.  As the government concedes, Lopez preserved this error for review by raising an objection in the district court based on Blakely v. Washington, 542 U.S. 296 (2004), and arguing that the Guidelines were unconstitutional as a whole.  See United States v. Walters, 418 F.3d 461, 462-63 (5th Cir. 2005).  The question that this places before us is "whether the government has met its burden to show harmless error beyond a reasonable doubt."  Id. at 464; but cf. United States v. Mendoza-Blanco, 440 F.3d 264, 265 n.7 (5th Cir. 2006) (following Walters, but questioning standard of review).

At sentencing, the district court narrowly declined to make an upward departure and sentenced Lopez at the top of the guidelines range.  The court did not, however, give any indication of the sentence it would impose if the Guidelines were held unconstitutional or advisory.  Under these circumstances, the government has not met its burden of showing that the error was harmless.  See United States v. Woods, 440 F.3d 255, 257-59 (5th

2

Cir. 2006). We therefore vacate Lopez's sentence and remand to the district court for resentencing.

Lopez further contends that the application of the remedial opinion in <u>Booker</u> to his case would violate his rights under the Due Process Clause and the Ex Post Facto Clause were he to be resentenced to a sentence greater than the maximum allowable sentence as set forth in the merits opinion in <u>Booker</u>. This argument is without merit. <u>See</u> <u>United States v. Scroggins</u>, 411 F.3d 572, 575-76 (5th Cir. 2005).

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.