United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41752
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALBERTO GARCIA-GALEANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-462-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Luis Alberto Garcia-Galeano appeals his guilty-plea conviction and sentence for illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326(a) and (b). Garcia-Galeano argues that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a mandatory Sentencing Guidelines regime in violation of United States v. Booker, 543 U.S. 220 (2005). He also contends that his sentence

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to a mandatory Guidelines regime was a structural error. Garcia-Galeano concedes that his claim of structural error is foreclosed by circuit precedent, see United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied 126 S. Ct. 464 (2005), but he raises the argument here to preserve it for further review.

Garcia-Galeano's sentence pursuant to a mandatory Sentencing Guidelines regime constitutes Fanfan error. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Garcia-Galeano preserved his Fanfan challenge in the district court by raising an objection based on Blakely v. Washington, 542 U.S. 296 (2004), and the Government so concedes. See United States v. Rodriguez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006). We review a preserved Fanfan challenge for harmless error. Walters, 418 F.3d at 463-64; cf. United States v. Mendoza-Blanco, 440 F.3d 264, 265 n.7 (5th Cir. 2005). The Government thus bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. See id. at 464.

The sentencing transcript is silent on whether the district court would have imposed the same sentence under an advisory Guidelines scheme. The Government thus has not met its burden of establishing beyond a reasonable doubt that the district court's error was harmless. See id. We therefore vacate Garcia-Galeano's

sentence and remand the case for resentencing in accordance with Booker.

Garcia-Galeano next argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 57-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Garcia-Galeano's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Garcia- Galeano properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Garcia-Galeano's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.