United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL DE LA FUENTE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-476-ALL
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel De La Fuente pleaded guilty to possession with intent to distribute in excess of 100 kilograms of marihuana. He was sentenced to 109 months of imprisonment and five years of supervised release. De La Fuente argues that the district court committed reversible error when it sentenced him pursuant to the mandatory sentencing guidelines system held unconstitutional in United States v. Booker, 543 U.S. 220 (2005), which requires that his sentence be vacated and remanded for resentencing. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that based on the record and the sentencing hearing, the Government cannot show harmless error.

De La Fuente's objection in the district court based on Blakely v. Washington, 542 U.S. 296 (2005) preserved his Fanfan challenge for review for harmless error. United States v. Reyes-Celestino, 443 F.3d 451, 453 (5th Cir.), cert. denied, 126 S. Ct. 2309 (2006); United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).[**]

The district court erred by sentencing De La Fuente under the formerly mandatory guidelines system. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). In light of the Government's concession that it cannot show harmless error on the current record, and considering the district court's statements at sentencing about the potential effect of a decision in Booker, we conclude that the Government has not shown harmless error. De La Fuente's sentence is vacated and this case is remanded for resentencing in accordance with Booker. See Walters, 418 F.3d at 464-66.

Because we remand based on the Fanfan error, we need not address the remaining sentencing issues raised by De La Fuente concerning the application of the adjustment for obstruction of justice under U.S.S.G. § 3C1.1; the corresponding denial of

---

[**] "Fanfan" error, one of two types of error addressed in Booker, "is found where the district court applied the mandatory Guidelines to enhance a defendant's sentence absent any Sixth Amendment Booker error." Walters, 418 F.3d at 463.

acceptance of responsibility; whether the district court's finding of obstruction violated the Sixth Amendment; whether De La Fuente's subsequent conviction on the escape charge made the obstruction of justice issue moot; and whether the finding on the quantity of drugs violated Booker.  See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005) (declining to address other claims of sentencing error when remanding pursuant to Booker); United States v. Mendoza-Blanco, 440 F.3d 264, 266 n.10 (5th Cir.), cert. denied, 126 S. Ct. 2314 (2006) (Fanfan).

SENTENCE VACATED; REMANDED FOR RESENTENCING.