United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40178
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LUIS HERNANDEZ-FRANCO, also known as Luis Hernandez,

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-69-ALL
---------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Luis Hernandez-Franco (Hernandez) pleaded guilty to one
count of being unlawfully present in the United States after
having been deported previously.  Pursuant to U.S.S.G.
§ 2L1.2(b)(1)(A)(ii), the district court imposed a 16-level
enhancement on the basis that Hernandez had been deported
following a felony conviction for a crime of violence.  Hernandez
objected to the enhancement, asserting that it violated his Sixth
Amendment rights in light of Blakely v. Washington, 542 U.S. 296

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2004).  The district court overruled the objection but granted a downward departure after concluding that Hernandez's criminal history category was over-represented.  The district court sentenced Hernandez to 70 months in prison, below the pre-departure range of 77 to 96 months.

Hernandez appeals, arguing that his sentence should be vacated in light of United States v. Booker, 125 S. Ct. 738 (2005), which extended Blakely's Sixth Amendment rule to the Federal Sentencing Guidelines.  He also asserts that the enhanced penalty provisions of 8 U.S.C. § 1326(b) are unconstitutional.

With respect to Hernandez's Booker argument, there was no Sixth Amendment violation because the only enhancement of his sentence was based on a prior conviction.  See Booker, 125 S. Ct. at 756.  Nevertheless, the application of the Guidelines as mandatory was error, which we have termed "Fanfan" error.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005) (discussing the distinction between the two types of error addressed in Booker).  This court reviews a preserved "Fanfan" error for harmless error.  See id.  We reject Hernandez's argument that such error is structural and not amenable to harmless error analysis.  See id.

Under the harmless error standard, "[t]he government must bear the burden of demonstrating that the error was harmless by demonstrating beyond a reasonable doubt that the federal constitutional error of which a defendant complains did not

contribute to the sentence that he received." United States v. Akpan, 407 F.3d 360, 377 (5th Cir. 2005); see also Walters, 418 F.3d at 463. This burden has been described as "arduous," requiring the Government to show "beyond a reasonable doubt that the district court would have imposed the same sentence under an advisory scheme." United States v. Pineiro, 410 F.3d 282, 285, 287 (5th Cir. 2005). We decline the Government's invitation to apply a different standard. See Walters, 418 F.3d at 464.

In seeking to satisfy its burden, the Government first points to the district court's downward departure. However, although a court has "virtually complete" discretion in deciding the extent of a departure, see United States v. Alvarez, 51 F.3d 36, 41 (5th Cir. 1995), the exercise of that discretion does not necessarily mean that the mandatory nature of the Guidelines had no effect on the sentencing decision. "[E]ven a discretionary departure decision is informed by the Guidelines and thus sheds little light on what a sentencing judge would have done knowing that the guidelines were advisory." United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005) (internal quotation marks and citation omitted). See also United States v. Waskom, 179 F.3d 303, 312 (5th Cir. 1999) (guidelines calculation error was not harmless even though district court departed below the corrected guidelines range, as the extent of the departure could have been affected by the error). Accordingly, the grant of a downward

departure is insufficient, standing alone, to satisfy the Government's burden of demonstrating harmless error.

We also reject the Government's argument that any error was harmless because the sentence was reasonable under Booker. Reasonableness is not the standard we apply in the context of "Fanfan" error, and it tells us nothing about what the district court would have done had it been operating under an advisory sentencing regime. See Walters, 418 F.3d at 464-65 (giving no weight to Government's contention that error was harmless because the sentence was reasonable). As for the Government's contention that the district court expressed no dissatisfaction with the Guidelines, the district court's silence regarding its views on the Guidelines is plainly insufficient to satisfy the Government's arduous burden of showing harmless error. See Pineiro, 410 F.3d at 286.

In sum, there is nothing in the record that demonstrates beyond a reasonable doubt that the district court would have imposed the same sentence if the Guidelines had been advisory rather than mandatory. Accordingly, we must vacate Hernandez's sentence and remand this matter for resentencing.

Hernandez's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New

<u>Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Hernandez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Hernandez's conviction. We VACATE his sentence and REMAND this matter to the district court for resentencing.