United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-40368

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CARLOS REYES-CELESTINO,
also known as Carlos Perez,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:

### INTRODUCTION

Carlos Reyes-Celestino ("Reyes") pleaded guilty to being found in the United States following deportation without having obtained consent to reapply for admission, in violation of 8 U.S.C. § 1326. Reyes appeals his 63-month sentence pursuant to United States v. Booker, 543 U.S. 220 (2005).[1]  We vacate Reyes's sentence and

---

[1]To preserve the issue for possible review by the Supreme Court, Reyes also challenges the constitutionality of § 1326, but correctly concedes that this argument is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); see also United States v. Alfaro, 408 F.3d 204, 210-11 (5th Cir. 2005), cert. denied, 126 S.Ct. 271 (2005).

remand to the district court for resentencing.

## BACKGROUND

On July 29, 2004, Reyes pleaded guilty to a violation of 8 U.S.C. § 1326. A pre-sentence report ("PSR") assigned a base offense level of eight and recommended a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) because Reyes has previously been convicted for robbery. After a two-level adjustment for accepting responsibility, Reyes's offense level was 22, his criminal history category was VI, and his Guideline range was 84-105 months.

Reyes objected to the PSR, arguing that (1) the 16-level enhancement was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and (2) his criminal history was over-represented. The district court overruled the objections, but upon motion by the Government and in accordance with the plea agreement, it granted an additional one-point reduction for acceptance of responsibility and a two-point reduction for early disposition. See U.S.S.G. § 5K3.1. Thus, the district court determined that Reyes's final offense level was 19, resulting in a Guideline range of 63-78 months. The district court sentenced Reyes to 63 months in prison. Reyes timely appealed.

## DISCUSSION

Reyes's primary argument on appeal is that the district court erred by sentencing him under the mandatory guidelines scheme held unconstitutional in Booker. This type of argument is properly

2

characterized as a _Fanfan_ claim.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), cert. denied, 126 S.Ct. 267 (2005).

As a threshold matter, Reyes's plea agreement contains the following provision:

> The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the indictment or (2) proven to a jury or (3) proved beyond a reasonable doubt. _The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines_.  The defendant explicitly acknowledges that his plea to the charged offense(s) authorizes the court to impose any sentence authorized by the Sentencing Guidelines, up to and including the statutory maximum under the relevant statute(s).

The Government asserts that Reyes waived his _Fanfan_ claim by consenting to be sentenced pursuant to the Sentencing Guidelines. We disagree.  The plea agreement does not specify whether Reyes consented to a mandatory or advisory application of the Sentencing Guidelines.  Thus, because "we must construe all ambiguities in the plea agreement against the government," United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001), we cannot say that Reyes unambiguously agreed to a mandatory application of the Sentencing Guidelines.

Additionally, although Reyes agreed to be sentenced under the Sentencing Guidelines, he did not explicitly waive his right to challenge the constitutionality of the Guidelines on appeal.  We now join our sister circuits and hold that under these

3

circumstances, a defendant who agreed "to be sentenced pursuant to the applicable Sentencing Guidelines" is not precluded from raising on appeal an alleged <u>Fanfan</u> error. <u>See</u> <u>United States v. Puckett</u>, 422 F.3d 340, 343 (6th Cir. 2005); <u>United States v. Lea</u>, 400 F.3d 1115, 1116 (8th Cir. 2005).

Reyes properly preserved his <u>Fanfan</u> claim below when he objected to his sentence under <u>Blakely</u>. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005). This Court reviews preserved <u>Fanfan</u> claims for harmless error. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520 n.9 (5th Cir. 2005), <u>cert. denied</u>, 126 S.Ct. 43 (2005). When we review for harmless error, "the only question is whether the government has met its burden to show harmless error beyond a reasonable doubt in the imposition of [the defendant's] sentence." <u>Walters</u>, 418 F.3d at 464. That is, the Government must convince us beyond a reasonable doubt "that the district court would have imposed the same sentence absent the error." <u>United States v. Pineiro</u>, 410 F.3d 282, 286 (5th Cir. 2005).

The Government argues that the district court's <u>Fanfan</u> error was harmless because the district court (1) "gave no indication that it wanted to impose a lesser sentence but was prevented from doing so," and (2) "denied [Reyes's] request for a downward departure." We have previously found unpersuasive these exact reasons within the context of a harmless error analysis because they improperly place the government's burden on the defendant.

4

Pineiro, 410 F.3d at 286.

The sentencing transcript is devoid of any evidence that the district court would have imposed the same sentence under an advisory guidelines scheme. Thus, the Government has not met its burden of establishing beyond a reasonable doubt that the district court's Fanfan error was harmless. See id.

Accordingly, Reyes's sentence is VACATED, and the case is REMANDED for resentencing. See id. at 287.

**VACATED and REMANDED.**