United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-10063

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEFF SIBLEY,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

     Jeff Sibley pled guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and § 846, and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Sibley claims that the district court erred by denying his motion to suppress and by relying on his post-arrest statements to determine drug quantity.  Sibley also contends that his sentence violates the Sixth Amendment because it was based in part on facts that were neither admitted by him nor found beyond a

reasonable doubt by a jury. Finally, Sibley argues that the district court erred by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. For the following reasons, we AFFIRM the district court's ruling on Sibley's motions to suppress, VACATE his sentence and REMAND for resentencing.

I. BACKGROUND

On March 11, 2004, Drug Enforcement Administration ("DEA") agents secured a search warrant for apartment 1425 of the "Providence in the Park Apartment Homes" in Arlington, Texas, where they believed Sibley was dealing marihuana, ecstasy, cocaine, and methamphetamine. After executing the search warrant and finding marihuana, cocaine, methamphetamine, and five guns in the apartment, the officers arrested Sibley and gave him his *Miranda* warnings. Sibley stated that all of the drugs and guns belonged to him, and he subsequently was charged with possession of a controlled substance with intent to distribute, conspiracy to possess a controlled substance with intent to distribute, using a drug-involved premises, and possession of a firearm in furtherance of a drug trafficking crime.

Sibley filed a motion to suppress all evidence obtained in the search of the Arlington apartment and all statements that he made following his arrest. He argued that the search was without probable cause because the warrant was based on unreliable information and the affidavit supporting the warrant failed to

include details concerning the source of the information. The district court denied Sibley's suppression motion without conducting an evidentiary hearing because it found that Sibley failed to show that the good-faith exception to the exclusionary rule did not apply.

Sibley sought reconsideration of his suppression motion and requested a hearing regarding the suppression issues. He then pled guilty to possession of a controlled substance with intent to distribute and possession of a firearm during and in relation to a drug trafficking crime. His plea agreement does not contain an appeal waiver, but it contains language in which Sibley consents to being sentenced under the Sentencing Guidelines. Additionally, Sibley agreed that the facts determining his sentence would be found by the sentencing court by a preponderance of the evidence and that the sentencing court could consider any reliable evidence in its sentencing determination.

At Sibley's re-arraignment, the district court ordered the parties to excise a sentence from the plea agreement that provided: "Defendant also agrees to waive all constitutional challenges to the validity of the sentencing guidelines." It also noted that Sibley's motion for reconsideration of its suppression ruling was moot in light of Sibley's plea agreement. However, Sibley reserved the right to have an appellate court review the denial of his suppression motion.

The presentence report ("PSR") held Sibley accountable for the

quantities of methamphetamine, cocaine, and marihuana that were seized at his home, as well as the quantities of drugs he confessed to purchasing from a codefendant and that a codefendant reported having purchased from Sibley. Sibley objected, arguing, *inter alia*, that the PSR's determination of drug quantity violated *Blakely v. Washington*, 542 U.S. 296 (2004), because the calculation was based on quantities not charged in his indictment, proven to a jury beyond a reasonable doubt, or stipulated between himself and the Government.

Sibley's sentencing hearing took place on December 30, 2004, prior to the issuance of *United States v. Booker*, 543 U.S. 220 (2005). At the hearing, the district court overruled Sibley's *Blakely* objection and his other objections, and adopted the facts and conclusions set forth in the PSR. Upon hearing the Government's motion for a downward departure because of assistance Sibley rendered to the Government, the district court granted Sibley "a rather significant downward departure." The district court imposed a term of 175 months for the controlled substance offense and a consecutive term of 60 months for the weapons offense.[1] Sibley timely filed a notice of appeal.

---

[1] The statutory term of imprisonment for the controlled substance offense was not less than ten years or more than life. The guidelines range of imprisonment for that offense was 262 to 327 months. The statutory term of imprisonment for the weapons offense was not less than five years or more than life. The guidelines range of imprisonment for that offense was five years. The prison term for the weapons offense was to run consecutively

4

II.  DISCUSSION

A.  *Suppression of Evidence*

Sibley argues that the district court erred in denying his motion to suppress the evidence seized in the search of the Arlington apartment and the statements he made following his arrest.  He contends that the officers could not have relied on the search warrant in good faith because the affidavit submitted in support of the warrant was misleading and deliberately or recklessly omitted material information that would have negated probable cause; thus, Sibley claims the evidence should be suppressed under the exclusionary rule.[2]  Additionally, he claims that the district court erred by denying his suppression motion without first conducting an evidentiary hearing.

In reviewing a district court's denial of a motion to suppress, this Court reviews factual findings for clear error and the trial court's conclusions regarding the constitutionality of law enforcement action and the sufficiency of a warrant *de novo*. *United States v. Cherna*, 184 F.3d 403, 406 (5th Cir. 1999).  "The district court's determination of the reasonableness of a law

with any other prison term.

[2] The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." *United States v. Leon*, 468 U.S. 897, 906 (1984).  When properly invoked, the rule allows the suppression of the fruits of a search that violates the Fourth Amendment. *Id.* at 905.

enforcement officer's reliance upon a warrant issued by a magistrate-for purposes of determining the applicability of the good-faith exception to the exclusionary rule-is also reviewed de novo." *Id.* at 406-07.

Review of the denial of a motion to suppress evidence discovered pursuant to a search warrant is a two-step process. *Cherna*, 184 F.3d at 407. First, we decide whether the good-faith exception to the exclusionary rule applies.[3] *Id.* "The good-faith exception provides that where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the information's truth was objectively reasonable, the evidence obtained from the search will not be excluded." *United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002). If the good-faith exception applies, we affirm the district court's denial of the motion to suppress. *Cherna*, 184 F.3d at 407. The good-faith exception does not apply when: (1) the magistrate issuing the warrant was misled by information in an affidavit that the affiant knew or should have known was false; (2) the issuing magistrate abandoned the judicial role; (3) the warrant was based on an affidavit so lacking in indicia of probable cause as to render

---

[3] The Fourth Amendment does not require the suppression of evidence obtained through a search warrant even if it is not supported by probable cause if the agent "acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Leon*, 468 U.S. at 920(footnote omitted).

6

belief in its existence entirely unreasonable; or (4) the warrant was so facially deficient that the executing officers could not have reasonably presumed it to be valid. *Id.* at 407-08. If the good-faith exception does not apply, we proceed to the second step, ensuring that the magistrate issuing the warrant had a substantial basis for concluding that probable cause existed. *Id.* at 407.

Sibley's primary complaint is that the affidavit should have stated that the agent who observed Patrick Wright putting trash bags containing marihuana into the apartment complex's dumpster did not actually observe Wright leave apartment 1425. He argues that the only evidence connecting the apartment to the crime is the marihuana-laden trash bags. He contends that because there is no link between the trash bags and the apartment there was no probable cause to search the apartment.

The search was conducted at apartment 1425 of the Providence in the Park Apartment Homes in Arlington, Texas, pursuant to a warrant issued by a Texas state court judge and supported by the affidavit of Tarrant County District Attorney Investigator Keith Brown. Brown's affidavit provides that on March 11, 2004, DEA investigators received information that Sibley and Wright lived at apartment 1425 and were dealing marihuana, ecstasy, cocaine, and methamphetamine. The affidavit provides, *inter alia*, that an agent observed Wright taking garbage bags to the complex's dumpster. Brown and another agent searched the bags and found

7

marihuana. Brown further attested that the apartment manager had previously contacted the Arlington Police Department and filed a report indicating that the complex's maintenance man, on a prior occasion, had detected marihuana in garbage that was dumped in a remote location by the occupants of apartment 1425. Also, apartment management reported to Brown that the occupants of the apartment had installed surveillance cameras at the apartment.

Sibley's argument falls short of establishing that the magistrate issuing the warrant was misled by information in the affidavit that the affiant knew or should have known was false or that the warrant was based on an affidavit so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable. The affidavit is not misleading because it does not suggest that an agent actually witnessed Wright leave the apartment with the garbage bags. Moreover, there was sufficient information in the affidavit such that it was not unreasonable to believe there was probable cause to search the apartment. Information in the affidavit connects Sibley to the apartment, Wright to the complex and to the apartment, Wright to possession of marihuana; and the apartment and its occupants to prior drug activity.

Given the above, that the good-faith exception is applicable, we affirm the district court's denial of Sibley's motion to suppress, and need not proceed to the second step of the analysis. *See Cherna*, 184 F.3d at 407.

8

Additionally, the district court did not err by denying Sibley's suppression motion without conducting an evidentiary hearing. In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that (1) if a defendant makes a substantial preliminary showing that a false statement was included by the affiant in the warrant affidavit either knowingly and intentionally, or with reckless disregard for the truth, and (2) if the allegedly false statement is necessary to a finding of probable cause, the Fourth Amendment requires that the district court hold a hearing. *Id.* at 155-56; *United States v. Brown*, 298 F.3d 392, 395 (5th Cir. 2002). Because, as previously discussed, the affidavit is not misleading, and there is enough information in the affidavit to link the apartment to drug activity, the district court did not err by denying Sibley's suppression motion without conducting an evidentiary hearing.

B.   *Sentencing Errors*

Sibley argues that the district court erred by sentencing him under a mandatory Sentencing Guidelines scheme. He further contends that his sentence violates the Sixth Amendment because it was based in part on facts that were not admitted by him or found beyond a reasonable doubt by a jury. Thus, Sibley contends that the district court committed both *Fanfan* and *Booker* error. See *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005)(discussing the two types of error addressed in *Booker*).

9

Lastly, Sibley asserts that the district court erred by relying on his post-arrest statements to determine drug quantity.

The Government argues that Sibley knowingly and voluntarily waived any argument that the district court erred in calculating his sentence. Alternatively, the Government contends that any potential error was harmless because the record shows no reasonable probability that Sibley would have received a lesser sentence under an advisory guidelines system and because the district court recognized its right to depart downward from the Guidelines.

Sibley's plea agreement provides:

> Defendant agrees to have his sentence determined under the United States Sentencing Guidelines. He waives any right to have facts that determine his sentence under the guidelines alleged in an indictment and found by a jury beyond a reasonable doubt. Defendant agrees that facts that determine the sentence will be found by the court at sentencing by a preponderance of the evidence and that the court may consider any reliable evidence, including hearsay.

Recently, in *United States v. Reyes-Celestino*, -F.3d-, No. 05-40368, 2006 WL 664178 (5th Cir. Mar. 17, 2006), a panel of this Court analyzed whether a defendant may waive *Fanfan* error. The plea agreement in *Reyes-Celestino* provided:

> The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the indictment or (2) proven to a jury or (3) proved beyond a reasonable doubt. The defendant explicitly consents to be sentenced

> pursuant to the applicable Sentencing Guidelines. The defendant explicitly acknowledges that his plea to the charged offense(s) authorizes the court to impose any sentence authorized by the Sentencing Guidelines, up to and including the statutory maximum under the relevant statute(s).

*Id.* at *1. There, we determined that because the plea agreement did not specify whether the defendant consented to a mandatory or advisory application of the Guidelines, we could not say that the defendant unambiguously agreed to a mandatory application of the Guidelines. *Id.* Additionally, although the defendant agreed to be sentenced under the Sentencing Guidelines, it was important that he had not explicitly waived his right to challenge the constitutionality of the Guidelines on appeal. *Id.* We expressly held that a defendant who agreed "to be sentenced pursuant to the applicable Sentencing Guidelines" is not precluded from raising on appeal an alleged *Fanfan* error.

Recognizing that "we must construe all ambiguities in the plea agreement against the government," *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001), in light of the similarity in language between Sibley's plea agreement and the agreement in *Reyes-Celestino*, we cannot say that Sibley unambiguously agreed to a mandatory application of the Guidelines. Additionally, the parties excised a sentence from the plea agreement that would have vitiated Sibley's right to challenge the constitutionality of the Guidelines. Hence, Sibley did not waive his right to review the

11

district court's error.

Because Sibley properly preserved his claim below when he objected to his sentence under *Blakely*, we apply the harmless beyond a reasonable doubt standard. *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir.2005). Under the harmless beyond a reasonable doubt standard, the Government must prove beyond a reasonable doubt that the outcome of the district court proceedings was not affected by the imposition of the mandatory Guidelines. *United States v. Mendoza-Blanco*, 440 F.3d 264, 266 (5th Cir. 2006). The Government's burden is "arduous." *United States v. Garza*, 429 F.3d 165, 170 (5th Cir. 2005).

The Government's argument that the record shows no reasonable probability that Sibley would have received a lesser sentence under an advisory guidelines system fails to satisfy this burden. The district court's grant of a downward departure "does not necessarily mean that the mandatory nature of the Guidelines had no effect on the sentencing decision." *See United States v. Hernandez-Franco*, No. 05-40178, 2006 WL 391910, *1 (5th Cir. 2006)(unpublished). Thus, "the grant of a downward departure is insufficient, standing alone, to satisfy the Government's burden of demonstrating harmless error." *Id.* As the Government has not shown that the sentencing judge would have imposed the same sentence under an advisory sentencing scheme, *see United States v. Pineiro*, 410 F.3d 282, 285-86 (5th Cir. 2005), we vacate Sibley's

12

sentence and remand for resentencing. Because we remand this case for resentencing, we need not address Sibley's other arguments concerning sentencing errors. *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005)("Because we vacate and remand [the defendant's] entire sentence, we need not and do not reach his other arguments of sentencing errors; rather, we leave to the discretion of the district court, whether in its discretion, it will impose the identical sentence with the identical departures or enhancements, or both.")

III. CONCLUSION

For the following reasons, we AFFIRM the district court's ruling on Sibley's motions to suppress, VACATE his sentence and REMAND for resentencing.