United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40132
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SAUL VILLEDA-TAVERA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-595-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

    Saul Villeda-Tavera (Villeda) appeals following his guilty-plea conviction for being found in the United States after a previous deportation, in violation of 8 U.S.C. § 1326. Villeda contends that his sentence should be vacated and remanded because the district court sentenced him under the mandatory guidelines scheme held unconstitutional in United States v. Booker, 543 U.S. 220 (2005).

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the district court sentenced Villeda under a mandatory guidelines regime, it committed <u>Fanfan</u> error. <u>See</u> <u>United States v. Valenzuela-Quevado</u>, 407 F.3d 728, 733 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005). When a defendant has preserved a <u>Fanfan</u> challenge in the district court, this court reviews for harmless error. <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005); <u>Valenzuela-Quevedo</u>, 407 F.3d at 732-33. Villeda's <u>Fanfan</u> challenge was preserved by his objection in the district court under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). <u>See United States v. Reyes-Celestino</u>, 443 F.3d 451, 453 (5th Cir. 2006).

We conclude that the Government has not met its burden of showing beyond a reasonable doubt that the district court would have imposed the same sentence absent the error. <u>See</u> <u>id.</u>; <u>United States v. Garza</u>, 429 F.3d 165, 170-71 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1444 (2006). We therefore vacate Villeda's sentence and remand for resentencing.

Villeda also challenges the constitutionality of § 1326(b) in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Villeda's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Villeda contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u>

remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Villeda properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  Therefore, Villeda's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.