United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50196
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DAVID BRIAN BROWN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-171-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

     David Brian Brown appeals his guilty-plea conviction and

sentence for attempting to manufacture methamphetamine within

1000 feet of a school.  As part of his plea agreement, Brown

signed a waiver provision wherein he specifically consented to be

sentenced under the applicable United States Sentencing

Guidelines.  The Government seeks enforcement of that waiver.

     "[A] defendant who agreed 'to be sentenced pursuant to the

applicable Sentencing Guidelines' is not precluded from raising

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on appeal an alleged <u>Fanfan</u> error." <u>United States v. Reyes-Celestino</u>, 443 F.3d 451, 453 (5th Cir. 2006). Accordingly, the waiver provision does not bar Brown's appeal.

For the first time on appeal, Brown argues that the district court erred when it sentenced him pursuant to the mandatory Sentencing Guidelines held unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Application of the Sentencing Guidelines in their mandatory form constitutes error that is plain. <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 733 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005). However, nothing in the record indicates that the district court would have imposed a different sentence if it had known that it was not bound by the Sentencing Guidelines. Accordingly, the district court's error did not affect Brown's substantial rights. <u>See</u> <u>id.</u> at 733-34. Brown, therefore, has not established reversible plain error.

Brown also argues that the plea agreement should be invalidated because the Government breached the agreement by refusing to move for a downward departure pursuant to U.S.S.G. § 5K1.1. Under the terms of the plea agreement, the Government had the "sole and exclusive" authority to determine whether Brown provided substantial assistance warranting the filing of a motion for downward departure. Accordingly, Brown's contention that the Government breached the plea agreement by

refusing to exercise its discretion is without merit.  See United States v. Aderholt, 87 F.3d 740, 742 (5th Cir. 1996).

AFFIRMED.