Alex A. Melendez, El Paso, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Daniel Perez–Lopez was convicted of one charge of illegal reentry into the United States and sentenced to serve 24 months in prison and a three-year term of supervised release. Perez–Lopez chal-

lenges his sentence, which was the result of an upward departure from the applicable guidelines sentencing range. He argues that the district court erred by not giving adequate notice of the departure and by not giving sufficient reasons to support its decision to depart. We review these arguments for plain error only due to Perez–Lopez's failure to raise appropriate objections in the district court. *See United States v. Jones,* 444 F.3d 430, 433 (5th Cir.2006).

There is nothing in the record to indicate that the district court likely would have given Perez–Lopez a lesser sentence if he had received notice of the departure. Further, the extent of the departure is not excessive when compared with other departures that we have considered. Consequently, Perez–Lopez has not shown plain error in connection with his sentence. *See Jones,* 444 F.3d at 442–43. The judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Guadalupe GARCIA–GOMEZ,
Defendant–Appellant.**

No. 05–40073
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 18, 2006.

Paula Camille Offenhauser, James Lee Turner, Assistant U.S. Attorneys, U.S. At-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

270

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Guadalupe Garcia–Gomez appeals his guilty-plea sentence for illegal reentry into the United States following deportation. Garcia–Gomez first challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense, arguing that they must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government argues that the sentence appeal waiver in Garcia–Gomez's plea agreement bars his claim.

The waiver-of-appeal provision is construed against the Government as the drafter of the plea agreement. *See United States v. Somner*, 127 F.3d 405, 408 (5th Cir.1997). Because Garcia–Gomez's plea agreement does not specifically waive the right to attack the constitutionality of § 1326(b), we conclude that the waiver provision does not preclude this appeal. *See id.*

Garcia–Gomez cannot succeed on this claim, however, because his constitutional challenge is foreclosed by *Almendarez–*

*Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia–Gomez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia–Gomez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Garcia–Gomez also contends that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a mandatory sentencing guidelines regime in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Government argues that, under the terms of the plea agreement, Garcia–Gomez waived his *Booker/Fanfan* argument. We review de novo whether a waiver provision bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir.2002). In *United States v. Reyes–Celestino*, 443 F.3d 451, 453 (5th Cir.2006), we addressed waiver language virtually identical to that in this case and held that it does not bar an appeal based on *Fanfan*. *See id.*

Where, as in this case, a *Booker/Fanfan* error has been preserved in the district court, we will ordinarily vacate and remand for resentencing if the Government cannot show that the error was harmless. *See United States v. Walters*, 418 F.3d 461,

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

463–64 (5th Cir.2005). It is unclear that the district court would have imposed the same sentence had the Guidelines been advisory only. As such, the Government cannot meet its burden. *See id.* at 464.

Accordingly, we vacate Garcia–Gomez's sentence and remand the case for resentencing.[1]

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Defendants–Appellees.

Before JOLLY, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

---

**1.** Garcia–Gomez also contends that an error under *Booker* is structural because it affected the entire framework within which his sentencing proceeded. We have previously rejected this argument. *See United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 194, 163 L.Ed.2d 209 (2005).