United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40011
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

FERNANDO ALFONSO DOMINGUEZ-REYNOSA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-738-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Fernando Alfonso Dominguez-Reynosa (Dominguez) pleaded
guilty to an indictment charging him with being found illegally
in the United States following a previous deportation.  Dominguez
contends that he was sentenced illegally pursuant to the
mandatory Sentencing Guidelines in violation of the rule in
United States v. Booker, 543 U.S. 220 (2005), a so-called Fanfan
error.  The Government contends that Dominguez has waived the
right to bring this issue in his plea agreement.  In United

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Reyes-Celestino, 443 F.3d 451, 453 (5th Cir. 2006), the court held that a similar waiver did not bar a preserved Fanfan claim because the defendant did not (1) "unambiguously agree[] to a mandatory application of the Sentencing Guidelines" and (2) did not "explicitly waive his right to challenge the constitutionality of the Guidelines on appeal."

Because Dominguez did not preserve Fanfan error in the district court, our review is for plain error. See United States v. Valenzuela-Quevado, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). Dominguez cannot show that the district court's error in sentencing him pursuant to mandatory Guidelines affected his substantial rights. See United States v. Robles-Vertiz, 442 F.3d 350, 354 (5th Cir. 2006).

Dominguez argues that he should not be required to show plain error because an objection would have been futile in light of United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), vacated, 543 U.S. 1101 (2005). He contends also that the district court's mandatory application of the Sentencing Guidelines was plainly erroneous because the error was structural or that prejudice should otherwise be presumed. He concedes that these arguments are foreclosed and states that they are raised to preserve them for further review. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Dominguez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government contends that Dominguez waived the right to assert this question in his plea agreement. We assume, arguendo only, that the waiver does not bar the instant appeal.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. Although Dominguez contends that a majority of the Supreme Court would now consider Almendarez-Torres to be incorrectly decided in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Dominguez concedes as much, but he raises the argument to preserve it for further review. The judgment is AFFIRMED.