United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41262
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SALVADOR ANDRADE-GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1045-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Salvador Andrade-Gonzalez (Andrade) appeals his guilty-plea
conviction of, and sentence for, violating 8 U.S.C. § 1326 by
attempting to re-enter the United States without permission after
deportation.

    Andrade argues, in light of Apprendi v. New Jersey, 530 U.S.
466 (2000), that the 41-month term of imprisonment imposed in his
case exceeds the statutory maximum sentence allowed for the
§ 1326(a) offense charged in his indictment. He challenges the
constitutionality of § 1326(b)'s treatment of prior felony and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Andrade's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Andrade properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Andrade also argues that his sentence runs afoul of United States v. Booker, 543 U.S. 220 (2005), because he was sentenced pursuant to a pre-Booker mandatory application of the Sentencing Guidelines. The district court committed Fanfan error by sentencing Andrade pursuant to a mandatory guidelines system. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). As the Government concedes, Andrade's objection under Blakely v. Washington, 542 U.S. 296 (2004), at sentencing preserved his claim for appeal. See United States v. Rodriquez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006). Thus, review is for harmless error beyond a reasonable doubt. Id.

The Government fails to carry its burden of showing beyond a reasonable doubt that the error did not affect Andrade's sentence.  See United States v. Sibley, 448 F.3d 754, 760 (5th Cir. 2006).  There is no indication in the record that the district court would have imposed the same sentence had the Guidelines been advisory rather than mandatory.  See id.  We therefore vacate Andrade's sentence and remand the case for resentencing in accordance with Booker.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.