United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-30431
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY L. SPELLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Case No. 2:03-CR-271-ALL

_____

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Gregory L. Spells appeals the denial of a motion to suppress evidence discovered by federal agents during a search of his residence and subsequently used to support his convictions for possession of cocaine and possession of a firearm in furtherance of a drug-trafficking crime. Because the executing agents' reliance on the warrant was objectively reasonable, we apply the good-faith exception to the exclusionary rule announced in United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405 (1985), and AFFIRM the district

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's ruling.

In July 2003, DEA Task Force Agent Paul Toye was contacted by a confidential informant who reported that an individual from St. Bernard Parish made weekly deliveries of crack cocaine to Spells's residence located at 1524½ Barrone Street in New Orleans. The informant stated that Spells maintained a constant stockpile of crack cocaine and protected it with firearms that had been used to commit several New Orleans-area homicides by Spells's friend, Kevin "Deuce" Ellis.

During Toye's investigation of the tip, another DEA agent, Paul Girior, independently corroborated that the multi-unit address was a well-known distribution point for crack cocaine. Toye then conducted a criminal history investigation and determined that Spells had two prior felony arrests for possession of crack cocaine and that a New Orleans resident named Kevin Ellis had felony arrests for distribution of crack cocaine and for carrying an illegal firearm during the commission of a crime. Finally, Toye was notified by a separate confidential informant, whose past information regarding narcotics investigations had proven reliable, that the first confidential informant was trustworthy.

The informant again contacted Toye on August 6, 2003, stating that Spells had received a fresh delivery of between fifteen and twenty pre-packaged plastic baggies containing crack cocaine earlier that morning. In response to this second tip, surveillance of the residence was established, and Toye obtained a

2

search warrant. When agents confronted Spells outside of the residence, he admitted that his apartment contained contraband. A search subsequently revealed 130 grams of crack cocaine in several plastic baggies, a 9mm semi-automatic pistol with laser sight, two .40 caliber semi-automatic pistols, and a scoped, lever-action rifle.

Based on the fruits of the search, Spells was charged with possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a) and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). Spells moved to suppress the narcotics and firearm evidence, arguing that the warrant affidavit was deficient because it lacked any "indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923, 104 S. Ct. at 3421. After a suppression hearing, the district court denied Spells's motion. Spells entered a conditional guilty plea, reserving his right to appeal the denial of the motion to suppress.

We review a district court's denial of a suppression motion by first determining whether Leon's good-faith exception applies. United States v. Sibley, 448 F.3d 754, 757 (5th Cir. 2006). If so, we typically do not consider whether the warrant was adequately supported by probable cause and will affirm the district court's ruling. United States v. Flanders, 468 F.3d 269, 270 (5th

3

Cir. 2006).[1]  Under the good-faith exception, "evidence will be admitted if it is obtained by officers acting in objectively reasonable reliance on a search warrant issued by a magistrate judge."  United States v. Pigrum, 922 F.2d 249, 252 (5th Cir. 1991).  The district court's determination of the reasonableness of an officer's good-faith reliance on a warrant is reviewed de novo.  United States v. Cherna, 184 F.3d 403, 406-07 (5th Cir. 1999).

Reliance on a warrant affidavit is reasonable if the affidavit is not "bare bones."  See United States v. Restrepo, 994 F.2d 173, 188-89 (5th Cir. 1993).  "Bare bones" affidavits are those containing "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause."  United States v. Satterwhite, 980 F.2d 317, 321 (5th Cir. 1992).

Here, the degree of detail provided by the informant's tip, when considered in conjunction with the corroborating information obtained by Agent Toye, demonstrates that the instant warrant affidavit is not "bare bones."  The informant provided detailed information on two separate occasions that included: the location of Spells's supplier; the frequency of the deliveries; the

---

[1]In the presence of an officer's good-faith reliance on a warrant, we reach the probable cause issue only if the case involves "a novel question" of Fourth Amendment law.  United States v. Satterwhite, 980 F.2d, 317, 320 (5th Cir. 1992) (quoting Illinois v. Gates, 462 U.S. 213, 264, 103 S. Ct. 2317, 2346 (1983) (White, J., concurring)).  This case presents no such question.  See id. (whether facts alleged by an affidavit support a finding of probable cause does not raise a novel question of law).

address of the residence at which Spells allegedly bagged and sold crack cocaine; a description of the contraband weapons possessed by Spells; and a specific description of the amount of crack cocaine delivered to Spells on the morning of August 6. Toye's independent investigation uncovered facts consistent with the informant's tip. More than conclusory statements bolstered the affidavit.

The magistrate judge determined that the nature and quality of the information contained in Toye's warrant affidavit bore sufficient indicia of reliability to support a finding of probable cause.[2]  Without evaluating the accuracy of that determination, we agree that Toye's affidavit was not "bare bones" and that his reliance on the magistrate judge's ruling was objectively reasonable, and thus in good faith.[3]  When, as here, a warrant affidavit is not facially invalid, "it is impossible to argue...that an officer's reliance on it could be unreasonable." United States v. McKnight, 953 F.2d 898, 905 (5th Cir. 1992).

For these reasons, the good faith exception applies, the district court correctly denied the motion to suppress, and the

---

[2]See, e.g., United States v. Privette, 947 F.2d 1259, 1262 (5th Cir. 1991) (detail of an informant's statement or internal consistency of the statement with surrounding facts compensate for deficiencies in an informant's veracity); United States v. Jackson, 818 F.2d 345, 349 (5th Cir. 1987) (particularly detailed information can serve as the basis for an informant's knowledge); United States v. Farese, 612 F.2d 1376, 1379 n.5 (5th Cir. 1980) (suspect's criminal record is a valid consideration in the probable cause assessment) (citation omitted).

[3]  Because of our determination that Leon's good-faith exception applies, we do not reach the question whether the magistrate judge's probable cause assessment was accurate. Restrepo, 994 F.2d at 187.

conviction is therefore AFFIRMED.