# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-40361
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LAZARO F PEREZ, SR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-774-6

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Lazaro F. Perez, Sr., challenges the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Following his conviction, the district court sentenced Perez to 135 months of imprisonment, which was at the bottom of the advisory guidelines range, to be followed by a five-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perez argues that the remedial opinion in United States v. Booker, 543 U.S. 220, 258-60 (2005), constitutes an impermissible exercise of judicial power. Perez urges this court to rely on Justice Scalia's dissenting opinion in Booker, 543 U.S. at 303-04. We are bound by the majority opinion in Booker.

Perez next argues that the district court erred in adjusting Perez's base offense level by four levels based on his role as an organizer or leader in the offense under U.S.S.G. § 3B1.1(a). Perez alternatively argues that, at most, he was a manager or supervisor of the conspiracy, which warrants only a three-level adjustment. We review the district court's finding that Perez had an aggravating role in the offense for clear error. United States v. Rose, 449 F.3d 627, 633 (5th Cir. 2006). The record reflects that Perez was the closest to the source of the marijuana as he had contacts with the suppliers in Mexico and coordinated the delivery of marijuana to various members of the organization. Perez recruited three of his co-defendants, including his own son, as participants in the offense. Perez provided another co-defendant with the keys to a red Ford van that was loaded with marijuana. In addition, Perez made payments to four of his co-defendants, totaling approximately $10,000. In light of the record as a whole, we conclude that the district court did not clearly err in finding that Perez was a leader or organizer. See id.; United States v. Caldwell, 448 F.3d 287, 293 (5th Cir. 2006).

Perez also argues that the waiver provision in his plea agreement is invalid. In his plea agreement, which he executed prior to Booker, Perez (1) waived any rights he had to have the facts that the law makes essential to the punishment either charged in the indictment, proven to a jury, or proved beyond a reasonable doubt; and (2) agreed that the district court was authorized to impose a sentence authorized by the Guidelines up to and including the statutory maximum under the relevant statute of conviction. Perez argues that the waiver is invalid because (1) it does not specify whether he consented to a mandatory or advisory application of the Sentencing Guidelines; and (2) the

term statutory maximum is ambiguous. Perez's arguments are unavailing. Perez was sentenced after Booker pursuant to an advisory guidelines range. The waiver provision is immaterial. Cf. United States v. Reyes-Celestino, 443 F.3d 451, 453 (5th Cir. 2006). Perez was sentenced to 135 months in prison, which was the bottom of the advisory guidelines range, and the sentence is entitled to a non-binding presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Perez next argues that his trial counsel rendered ineffective assistance in several respects. This court generally will not consider claims of ineffective assistance of counsel on direct appeal except in those "rare cases where the record allowed [this court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). This is not one of those cases.

Perez also argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea. None of the seven factors discussed in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), supported the withdrawal of his guilty plea. Perez has not established that, in denying his motion to withdraw, the district court abused its discretion.

Finally, Perez argues that the district court erred in sentencing him under the remedial holding of Booker, 543 U.S. at 258-60, in violation of the Ex Post Facto and Due Process Clauses. Perez's arguments are, as he concedes, foreclosed by this court's ruling in United States v. Scroggins, 411 F.3d 572, 575-76 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.