# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-40046
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS QUINTANILLA-GONZALEZ, also known as Martin Quintana,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-290-16

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Quintanilla-Gonzalez (Quintanilla) pleaded guilty to one count of conspiracy to possess marijuana and cocaine with intent to distribute (count one) and one count of conspiracy to launder monetary instruments (count three), in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 1956(a)(1), (h). Quintanilla now appeals his conviction on count three as well as his concurrent sentences of 168 months in prison. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quintanilla first contends that his plea of guilty to the money laundering conspiracy was not knowing and voluntary. According to Quintanilla, in light of *United States v. Santos*, 128 S. Ct. 2020 (2008), the term "proceeds" under § 1956(a)(1) means profits rather than gross receipts. Quintanilla argues that there was an insufficient factual basis to show that the proceeds of the drug operation were profits and that the district court failed to advise him that proceeds means profits and not gross receipts; thus, he contends, his plea is invalid. As Quintanilla concedes, we review his arguments for plain error. *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). Quintanilla must show that any error was plain, i.e., clear or obvious, and that it affected his substantial rights. *Id.*

As we have previously explained, the law governing the definition of proceeds under § 1956 remains unclear even after *Santos*. *See United States v. Brown*, 553 F.3d 768, 783-85 (5th Cir. 2008). Accordingly, any error by the district court could not have been clear or obvious. *See id; see also United States v. Fernandez*, 559 F.3d 303, 315-16 (5th Cir. 2009) (same). Further, although Quintanilla contends that the purported error resulted in a greater sentence, thereby affecting his substantial rights, his burden is to demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). In sum, he has shown no reversible plain error with respect to his guilty plea.

Quintanilla next challenges the imposition of his sentence, alleging that the mandatory application of the Sentencing Guidelines, without consideration of the factors under 18 U.S.C. § 3553(a), was unconstitutional in light of *United States v. Booker*, 543 U.S. 220 (2005), and *Gall v. United States*, 128 S. Ct. 586 (2007). As a threshold matter, we agree, and the Government concedes, that Quintanilla's waiver provision in his plea agreement does not bar his appeal on this ground. *See United States v. Reyes-Celestino*, 443 F.3d 451, 453 (5th Cir. 2006).

As with his challenge to his guilty plea, Quintanilla did not preserve this issue, and we review only for plain error. In light of *Booker*, which rendered the Sentencing Guidelines advisory, the application of the Guidelines as mandatory constitutes error that is plain. *See United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir. 2005). However, Quintanilla points to nothing in the record indicating a likelihood that the district court would have imposed a significantly different sentence had it been operating under an advisory rather than mandatory regime. *See id.; United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005). Thus, he has failed to show that any error affected his substantial rights. *See Mares*, 402 F.3d at 521-22.

For the foregoing reasons, the judgment of the district court is AFFIRMED.