# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20811
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES ANGULO QUINTERO, also known as James Qunitero Angulo, also known as Jame Quintero Angulo, also known as Pedro Perez Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-47-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

James Angulo Quintero pleaded guilty to illegal reentry after removal and was sentenced below the Guidelines to 46 months of imprisonment. He challenges the sentencing court's application of a guidelines enhancement under U.S.S.G. § 2L1.2(b)(2). At sentencing, the district court's calculation of the applicable guidelines range included an 8-level enhancement under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(2)(B) based on the court's determination that Quintero, prior to being ordered removed, had "sustained a conviction for a felony offense for which the sentence imposed was two years or more." Specifically, Quintero had previously pleaded guilty to the Texas state-law felony of burglary, for which he originally received deferred adjudication probation. Prior to being ordered removed, his deferred adjudication probation was revoked, and he was sentenced to 5 years of imprisonment, probated 5 years, receiving 270 days of credit for jail time. After his removal and illegal return to the United States, Quintero's state probation was revoked, and he was sentenced to three years of imprisonment.

On appeal, Quintero contends that the district court reversibly erred by applying the challenged adjustment because, contrary to the mandate of § 2L1.2, his custodial sentence for the prior conviction was not imposed until after he "was ordered deported or ordered removed from the United States for the first time." § 2L1.2(b)(2). Where, as here, a guidelines challenge has been preserved, *see United States v. Fernandez*, 770 F.3d 340, 342, this court "review[s] a district court's interpretation of the guidelines de novo and its factual determinations for clear error," *United States v. Solis-Garcia*, 420 F.3d 511, 514 (5th Cir. 2005). During the pendency of this appeal, we decided *United States v. Franco-Galvan*, 864 F.3d 338, 341-43 (5th Cir. 2017), in which we held that our prior holding in *United States v. Bustillos-Pena*, 612 F.3d 863 (5th Cir. 2010), still governs the interpretation of the current version of § 2L1.2(b)(2). Pursuant to *Franco-Galvan*, the district court erred by applying § 2L1.2(b)(2)(B) to Quintero's non-probated state sentence of three years of imprisonment, which was issued "upon revocation post-deportation." 864 F.3d at 343.

No. 16-20811

The Government has not met its burden to show that the error was harmless. Given that the Government solely argues that the district court imposed a non-guidelines sentence based on Quintero's "personal history and recidivism," and the district court never indicated that it would have imposed the same sentence, we cannot conclude harmlessness. *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017); *United States v. Sibley*, 448 F.3d 754, 760 (5th Cir. 2006).

As a final matter, both parties agree that a remand is warranted for the purpose of correction of the judgment insofar as it conflicts with the district court's statement at sentencing, upon the Government's motion, that the special assessment was remitted. At resentencing, the district court should address the issue.

We VACATE the judgment and REMAND to the district court for resentencing.