United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2006

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals*
*For the Fifth Circuit*

———————————

No. 04-41178

———————————

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUSTIN LANG,

Defendant–Appellant.

———————————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas

———————————————————————————————

Before GARWOOD, PRADO, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Justin Lang pleaded guilty to making a false statement to the Federal Bureau of Investigation

in violation of 18 U.S.C. § 1001 and entered a plea agreement that included a waiver of the right to

appeal certain aspects of his sentence.[1]  After applying a four-level sentencing enhancement based on

---

[1] "Except as otherwise provided in this agreement, Defendant LANG expressly waives the
right to appeal his sentence on all grounds, including an appeal of sentencing pursuant to 18 U.S.C.
§ 3742.  Defendant LANG further agrees not to contest his sentence in any post conviction
proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.  Defendant LANG,
however, reserves the right to appeal the following:  (a) any punishment imposed in excess of the
statutory maximum; (b) any upward departure from the guideline range deemed most applicable by
the sentencing court; (c) arithmetic errors in the guidelines calculations; and (d) a claim of ineffective
assistance of counsel that affects the validity of the waiver itself.  Defendant LANG knowingly and

the amount of loss[2] and a two-level reduction for acceptance of responsibility, the district court sentenced Lang to 21 months in prison and three years of supervised release. The court also ordered Lang to pay $15,910.87 in restitution.

The government does not seek to enforce the appeal waiver in the plea agreement. As we recently held in *United States v. Story*, a waiver of appellate rights does not deprive this court of jurisdiction.[3] Such a waiver is a contractual matter, and contractual rights may be waived by the failure to assert them. We thus do not consider the waiver in this case.

Lang contends that the four-level enhancement was based on facts neither admitted by him nor proved to a jury beyond a reasonable doubt, violating his constitutional rights under *United States v. Booker*.[4] Lang preserved this issue in the district court, and the government concedes that it cannot meet its burden to show beyond a reasonable doubt that the court would have imposed the same sentence under a discretionary guidelines regime.[5]

Therefore, we VACATE Lang's sentence and REMAND for resentencing in light of *Booker*.

---

voluntarily waives his right to appeal in exchange for the concessions made by the Government in this agreement and with full understanding that the Court has not determined his sentence."

[2] United States Sentencing Commission Guidelines Manual § 2B1.1(b)(1)(C).

[3] *See* ___ F.3d ___, ___ (5th Cir. 2006).

[4] 543 U.S. 220 (2005).

[5] *See United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir. 2005) ("[T]o show harmlessness, the government must demonstrate beyond a reasonable doubt that the Sixth Amendment *Booker* error did not affect the sentence that the defendant received."); *United States v. Mares*, 402 F.3d 511, 520 n.9 (5th Cir. 2005), *cert. denied* 126 S. Ct. 43 (2005).