United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40501
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONTAE ROMAIN BROWN,
also known as Dontae Romain Jimerson,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-106-10
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dontae Romain Brown appeals his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute more than 50 grams of cocaine base. Brown argues that his sentence was unreasonable in light of United States v. Booker, 543 U.S. 220 (2005), due to the disparity in the punishment imposed for offenses involving powder cocaine versus those involving cocaine base.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We note that Brown's plea agreement contained a waiver of the right to appeal his sentence. The Government does not seek enforcement of the waiver, however, and we therefore do not consider it. See United States v. Lang, 440 F.3d 212, 213 (5th Cir. 2006).

The district court imposed a sentence within the advisory guideline range, and Brown does not challenge the district court's calculation of that range. Brown's sentence is therefore presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). We have previously rejected arguments challenging the disparity in the penalties for offenses involving powder and crack cocaine, which are mandated by Congress. See, e.g., United States v. Wilson, 77 F.3d 105, 112 (5th Cir. 1996). Because the advisory guidelines range should be determined in the same manner as before Booker, Mares, 402 F.3d at 519, Brown has not overcome the presumption that his sentence is reasonable, see Alonzo, 435 F.3d at 554; Mares, 402 F.3d at 519.

AFFIRMED.