United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 04-20637
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL BENNETT ACQUAYE,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas

_____

Before GARWOOD, DAVIS, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Carl Acquaye pled guilty to one count of conspiring to commit bank fraud in violation of 18

U.S.C. § 371 and 18 U.S.C. § 1344 as a result of his participation in a scheme to deposit forged and

fraudulent checks. His appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S.

738 (1967), and moved to withdraw. Neither Acquaye nor the Government filed opposition or

response.

In *Anders*, the Supreme Court provided the following guidance when a defendant wishes to

pursue an appeal that his counsel believes is without merit:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished to the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . or proceed to a decision on the merits . . . . On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id*. at 744.

Although neither Acquaye personally nor the Government have filed a response to the motion, Acquaye's counsel has satisfied *Anders*'s requirements sufficiently to trigger our obligation to examine the record. His attorney has demonstrated that the district court complied with Federal Rule of Criminal Procedure 11 in taking Acquaye's guilty plea. His attorney also notes that the district court explained that the plea agreement contained a waiver of Acquaye's right to appeal his sentence. Finally, Acquaye's attorney observes that the appellate waiver forecloses any challenge Acquaye may make to his sentence.

Our examination of the record reveals two salient facts. First, Acquaye's attorney objected to the presentence report's calculation of the United States Sentencing Guidelines on the ground that it attributed additional losses to him beyond those admitted to in his plea colloquy. The court construed this as an objection under *Blakely v. Washington*, 542 U.S. 296 (2004), and observed that the law in this circuit at that time was that *Blakely* did not implicate the Federal Sentencing Guidelines. *See United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004). This position was quickly overruled by *United States v. Booker*, 543 U.S. 220 (2005) (holding that mandatory application of Federal Sentencing Guidelines violates Sixth Amendment). It therefore appears that the district court

may have violated Acquaye's Sixth Amendment rights by sentencing him based on judicially found facts pursuant to a mandatory Guidelines system.

Second, the Government has not invoked Acquaye's appellate waiver. An appellate "waiver is a contractual matter, and contractual rights may be waived by the failure to assert them." *United States v. Lang*, 440 F.3d 212, 213 (5th Cir. 2006); *see also United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("In the absence of the government's objection to Story's appeal based on his appeal waiver, the waiver is not binding because the government has waived the issue."). "Ordinarily the government urges waiver of appeal after the defendant has filed either a merits brief or an *Anders* brief." *United States v. Mason*, 343 F.3d 893, 894 (7th Cir. 2003).

Under similar circumstances, the Tenth Circuit in *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005) (McConnell, J.), held that the mere filing of an *Anders* brief by defense counsel noting an appellate waiver does not satisfy the government's obligation to invoke that waiver if it intended to rely on it. The *Calderon* court reasoned:

> Defense counsel is not the government, and has no authority to waive or invoke arguments on behalf of the government. In filing an *Anders* brief, counsel is under ethical obligations to the client and to the court. In performing the function of officer of the court, it is commendable that counsel acknowledge procedural bars such as appellate waivers, but it surpasses any legitimate understanding of the ethical obligations of counsel to the court to say that defense counsel's candid assessment of legal issues could satisfy the government's obligations. The government cannot rely on defense counsel's raising the argument in an *Anders* brief as a substitute for fulfilling its own obligation to seek enforcement of the plea agreement.

*Id.*

We hold, however, that it is defense counsel's obligation to ascertain and certify that the Government would rely on the defendant's appellate waiver before moving to withdraw. Accordingly, we DENY the motion to withdraw without prejudice to its renewal. We direct Acquaye's counsel to file a new *Anders* brief stating the Government's position with respect to the

3

waiver or a brief on the merits of this appeal within thirty days of this order.