United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51341
c/w No. 04-51368
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GABRIEL RUBALCABA,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-713-ALL
USDC No. 3:04-CR-923-ALL-FM
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

     Gabriel Rubalcaba appeals the sentences he received after he

pleaded guilty to importing more than 100 kilograms of marijuana

with intent to distribute and to escape from a federal prison.

For the first time on appeal, Rubalcaba argues that his sentences

for both convictions should be vacated and his case remanded

under United States v. Booker, 543 U.S. 220 (2005), because the

district court treated the Guidelines as mandatory.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the marijuana case, Rubalcaba waived his right to appeal; the Government however, does not seek its enforcement. See United States v. Lang, 440 F.3d 212, 213 (5th Cir. 2006); United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

Because Rubalcaba raises his Booker argument for the first time on appeal, we review only for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th. Cir.), cert. denied, 126 S. Ct. 267 (2005). Although the mandatory application of the Sentencing Guidelines constitutes error that is now clear in light of Booker, Rubalcaba has not shown that this error affected his substantial rights. See id. That Rubalcaba was sentenced at the lowest end of the guidelines range does not indicate that his sentence would likely have been different under advisory Guidelines. See United States v. Bringier, 405 F.3d 310, 317-18 & n.4. (5th Cir.), cert. denied, 126 S. Ct. 264 (2005).

AFFIRMED.