United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41264
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOSE SAMUEL IPINA-IPINA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1015-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Samuel Ipina-Ipina pleaded guilty to being found in the United States after previous deportation and was sentenced to 57 months of imprisonment and two years of supervised release. Ipina-Ipina argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. Specifically, he argues that the viability of Almendarez-Torres v. United States, 523 U.S. 224 (1998), is in doubt in light of later Supreme Court cases.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ipina-Ipina contends that the waiver provision contained in paragraph 2 of his plea agreement does not bar his ability to raise this issue on appeal.  The Government states that there was no waiver of appellate rights in the plea agreement.  The Government's position is consistent with this court's interpretation of this waiver provision.  See United States v. Reyes-Celestino, 443 F.3d 451, 452 (5th Cir. 2006).  Further, because the Government does not seek to enforce the waiver in this case, it will not be considered.  See United States v. Lang, 440 F.3d 212, 213 (5th Cir. 2006).

Ipina-Ipina's constitutional challenge is foreclosed by Almendarez-Torres.  Although Ipina-Ipina contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Ipina-Ipina properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.