United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41061
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEALED DEFENDANT 3,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-74-3-PB-DDB
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Sealed Defendant 3 (Defendant) appeals the sentence that she received after she pleaded guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin and five or more kilograms of cocaine. Defendant argues that the sentence imposed must be remanded under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), because the district court deemed the Guidelines mandatory. Because the Government does not address Defendant's appeal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waiver, it has waived its right to enforce it.  See <u>United States v. Lang</u>, 440 F.3d 212, 213 (5th Cir. 2006).

Regardless whether the error Defendant has identified is characterized as a <u>Booker</u> or Fanfan error[**], Defendant preserved that error by raising a <u>Blakely</u> objection in the district court. See <u>United States v. Rodriquez-Mesa</u>, ___ F.3d ___, No. 04-41757, 2006 WL 633280 at *5 (5th Cir. Mar. 15, 2006).  When a preserved <u>Booker</u> or Fanfan error is presented, as here, this court looks to whether the Government has met its burden to show harmless error beyond a reasonable doubt in the imposition of the defendant's sentence.  <u>Id.</u>  Based on the record before the court, this court cannot determine what the district court would have done absent the mandatory Guidelines.  Therefore, the Government has not met its burden of proving that the <u>Booker</u> or Fanfan error was harmless beyond a reasonable doubt.

Defendant's argument that the Ex Post Facto and Due Process Clauses prohibit the district court from applying <u>Booker</u>'s remedial opinion to her case was squarely rejected by this court in <u>United States v. Charon</u>, ___ F.3d ___, No. 05-10360, 2006 WL 574274 at *9 (5th Cir. March 10, 2006).

---

[**]  See <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir.) (referring to Ducan Fanfan, the second defendant in the consolidated opinion in <u>Booker</u>, who did not experience Sixth Amendment error), <u>cert. denied</u>, 126 S. Ct. 464 (2005); <u>see also</u> <u>United States v. Villegas</u>, 404 F.3d 355, 364 (5th Cir. 2005) (discussing the difference between <u>Booker</u> and Fanfan error).

Defendant's sentence is VACATED, and the case is REMANDED for further proceedings.