United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40152
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CIRILO MANCILLA-MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-810-ALL
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Cirilo Mancilla-Mendez (Mancilla) appeals from his conviction
and sentence for being found in the United States after having been
deported, in violation of 8 U.S.C. § 1326.  Mancilla contends that
the district court committed reversible plain error by departing
upwards from the guideline sentencing fine range of $7,500-$75,000
to a fine of $125,000; that the district court committed reversible
plain error by sentencing him pursuant to the guideline sentencing
scheme found unconstitutional in United States v. Booker, 543 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

220 (2005), and that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. He contends that the waiver provision of his plea agreement does not preclude him from raising those arguments on appeal.

The Government does not rely on the waiver provision to bar Mancilla's upward-departure contention or his constitutional challenge to § 1326(b). We therefore do not enforce the waiver as to those contentions. See United States v. Lang, 440 F.3d 212, 213 (5th Cir. 2006). Moreover, Mancilla's contention that the district court erred by sentencing him under the formerly mandatory guideline sentencing regime is not barred by his plea agreement. See United States v. Reyes-Celestino, 443 F.3d 451, 453 (5th Cir. 2006).

The district court imposed the $125,000 fine based solely on Mancilla's ability to pay a fine. A defendant's socioeconomic status is an impermissible factor on which to base an upward departure. See United States v. Painter, 375 F.3d 336, 339 (2004); United States v. Hatchett, 923 F.2d 369, 373-75 (5th Cir. 1991). There is a reasonable probability that the district court would have imposed a lower fine sentence had it realized that Mancilla's ability to pay was an impermissible factor for a departure. See United States v. Jones, 444 F.3d 430, 437 (5th Cir. 2006); United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005). As to the fine only, Mancilla's sentence is vacated.

Mancilla correctly concedes that he cannot satisfy the plain-

error review standard as to his contention that the district court erred by sentencing him under the formerly mandatory guideline sentencing regime. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005); <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). Mancilla raises his contention to preserve it for further review.

Mancilla's constitutional challenge to § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Mancilla contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Mancilla properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

3