United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10142
USDC No. 6:04-CR-40-ALL

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE RAY WESTBROOK,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Northern District of Texas

--------------------

O R D E R:

Jesse Ray Westbrook pleaded guilty to possession of cocaine with intent to manufacture cocaine base. Westbrook's plea agreement contained a waiver-of-appeal provision. Appointed counsel for Westbrook has requested leave to withdraw and has filed a brief as required by <u>Anders v. California</u>, 386 U.S. 738 (1967). If, on appeal, the Government does not seek to enforce an appeal waiver, the waiver is not binding. <u>United States v. Story</u>, 439 F.3d 226, 231 (5th Cir. 2006). However, in this case the Government has not had an opportunity to address Westbrook's appellate waiver.

"[I]t is defense counsel's obligation to ascertain and certify that the Government would rely on the defendant's appellate waiver before moving to withdraw." <u>United States v. Acquaye</u>, \_\_\_ F.3d \_\_\_, 2006 WL 1549951 at *2 (5th Cir. June 8, 2006). Accordingly, the motion to withdraw is DENIED without prejudice to its renewal. Westbrook's counsel is directed to file a new <u>Anders</u> brief stating the Government's position with respect to the waiver or a brief on the merits of this appeal within 30 days of the date of this order. <u>See</u> <u>id.</u>

/s/ W. Eugene Davis
W. EUGENE DAVIS
UNITED STATES CIRCUIT JUDGE