United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40222
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MAYRA RINCON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-631-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Mayra Rincon pleaded guilty to conspiracy to possess with
intent to distribute cocaine, methamphetamine, and ecstacy.
Rincon challenges her conviction on the basis that she was
effectively deprived of her Sixth Amendment right to counsel.
The Government does not seek to enforce the appeal waiver.  As a
result, this court will not consider the waiver.  See United
States v. Lang, 440 F.3d 212, 213 (5th Cir. 2006).

    Rincon avers that she was effectively deprived of her Sixth
Amendment right to counsel, resulting in a constitutional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"structural error" mandating reversal of her conviction and sentence. Rincon, relying on the Supreme Court's decision in United States v. Gonzalez-Lopez, 126 S. Ct. 2557 (2006), argues that because a "structural error" occurred, no additional prejudice or harm need be shown.

Notwithstanding Rincon's arguments, Gonzalez-Lopez is not applicable to the instant case. First, Rincon enjoyed the services of appointed counsel. Gonzalez-Lopez clearly distinguishes itself from situations involving appointed counsel. Gonzalez-Lopez, 126 S. Ct. at 2565 ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."). Moreover, the Government conceded in Gonzalez-Lopez that the trial court had erroneously deprived the defendant of his right to counsel of his choosing. Id. at 2563. The Government makes no such concession here. Nor does Rincon assert that she was deprived counsel of her choice. Rather, she merely avers that there was a "slight gap in the attorney-client relationship" and admits that the "gap was initiated" by her when she called government officials in an attempt to further debrief.

Rincon's claims do not amount to a deprivation of counsel of choice as contemplated by the Court in Gonzalez-Lopez. At most, they amount to garden-variety ineffective-assistance claims. However, Rincon does not allege that counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984), nor does she allege that her plea was involuntary or unknowing or was the

result of incompetent advice of counsel.  Moreover, she admits that the district court substantially complied with FED. R. CRIM. P. 11 in taking her plea and that her sentence conformed to her plea bargain agreement, was a lawful sentence, and that under a harm analysis she cannot show harm.  Accordingly, the judgment of the district court is AFFIRMED.