IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-10177

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES M. DAVIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

James Davis pleaded guilty of being a felon in possession of a firearm.  The
written plea agreement expressly limits his right to appeal,[1] but he nonetheless
appeals.  His federal public defender, Jason Hawkins, claims that the appeal is

---

[1] The agreement permits Davis to appeal his sentence only if it exceeds the statutory
maximum, if there is a calculation error at sentencing, if there is a question as to the voluntari-
ness of the plea agreement, or for a claim of ineffective assistance of counsel.  None of these ex-
ceptions applies here.

frivolous and, pursuant to Anders v. California, 386 U.S. 738 (1967), and United States v. Acquaye, 452 F.3d 380 (5th Cir. 2006), moves to withdraw as counsel.[2]

Anders established standards for a court-appointed attorney seeking to withdraw from a criminal appeal on the ground that the appeal lacks merit. After a "conscientious examination" of the case, the attorney must "request permission to withdraw" and submit a "brief referring to anything in the record that might arguably support the appeal." Id. at 744. The attorney must "isolate possibly important issues" and "furnish the court with references to the record and legal authorities to aid it in its appellate function." United States v. Johnson, 527 F.2d 1328, 1329 (5th Cir. 1976). After we assess the brief submitted by counsel raising anything in the record that might arguably support an appeal, and after we have examined any points raised by the appellant speaking on his own behalf and have thoroughly examined the record, we may grant the request to withdraw and dismiss the appeal as frivolous. See Anders, 386 U.S. at 744 .

Consistent with Anders, Hawkins submitted a brief to support his contention that Davis's arguments are frivolous, principally because Davis's decision to sign the plea agreement constituted a waiver of his right to appeal. "An appellate 'waiver is a contractual matter, and contractual rights may be waived by the failure to assert them,'" so it is "defense counsel's obligation to ascertain and certify that the Government would rely on the defendant's appellate waiver before moving to withdraw." Acquaye, 452 F.3d at 381-82 (quoting United States v. Lang, 440 F.3d 212, 213 (5th Cir. 2006)).

Hawkins states that on July 18, 2006, more than one year before he filed his motion to withdraw, the United States Attorney's Office ("USAO") for the Northern District of Texas informed the Federal Public Defender's Office ("FPDO") that the government would "be asserting their contractual rights set

---

[2] Davis was given an extension of time to respond to the motion, but he has not filed a response.

forth in plea agreements and enforcing the appeal waiver in all cases." He also notes that at Davis's sentencing hearing, the government informed the district court that there was an appellate waiver in the plea agreement.

In United States v. Mathews, No. 07-10200 (5th Cir. Oct. 2, 2007), this court, by a single-judge order, directed Hawkins to explain either why reliance on this general statement from the USAO that it would seek to enforce appellate waivers in all cases complies with Acquaye or else to obtain a case-specific certification that the waiver would be invoked. Hawkins replied by stating that "the [USAO's] practice [had] evolved slightly" and that the USAO had informed him that "if defense counsel sees a valid reason or ground for the [USAO] not to invoke the appeal waiver, such as that a manifest miscarriage took place, then the [USAO] will entertain the lawyer's arguments and determine if they will or will not enforce the waiver." In response to the order in Mathews, Hawkins certified to the court that the USAO had decided to enforce the waiver as to Mathews.

Here, Hawkins's Acquaye statement does not indicate that he has consulted with the USAO as to Davis's case. Hawkins, however, argues that he has satisfied Acquaye by his invocation of the USAO's general statement to the FPDO. This is insufficient. Although Hawkins§§as an officer of the court§§is entitled to a presumption that he has "properly discharged [his] duty," Dukes v. S.C. Ins. Co., 770 F.2d 545, 547 (5th Cir. 1985), the law is pellucid that the "government cannot rely on defense counsel's raising the argument in an Anders brief as a substitute for fulfilling its own obligation to seek enforcement of the plea agreement." Acquaye, 452 F.3d at 382 (quoting United States v. Calderon, 428 F.3d 928, 931 (10th Cir. 2005)).

If the USAO had formally committed itself always to enforce appellate waivers, Hawkins's position would be stronger. But, as Hawkins conceded in Mathews, that is not the USAO's policy. Instead, the USAO's determinations are necessarily case-specific in that it chooses to not enforce appellate-waiver provi-

sions under some circumstances.

Before filing this motion to withdraw, Hawkins apparently inferred that the USAO would opt to enforce the waiver provisions as to Davis. Although we are confident Hawkins is acting completely in good faith, that was not his call to make, because "[d]efense counsel is not the government, and has no authority to waive or invoke arguments on behalf of the government." Id. (quoting Calderon, 428 F.3d at 931). "[I]t is defense counsel's obligation to ascertain and certify that the Government would rely on the defendant's appellate waiver before moving to withdraw." Id. (emphasis added). "[I]t surpasses any legitimate understanding of the ethical obligations of counsel to the court to say that defense counsel's candid assessment of legal issues [can] satisfy the government's obligations." Id. (quoting Calderon, 428 F.3d at 931).

Because there is no indication in the record that the government has made any case-specific determination as to Davis, we DENY the motion to withdraw without prejudice to its renewal. We direct Hawkins promptly to file a letter supplement to his Anders brief stating the government's position with respect to the enforcement of the plea agreement's appellate-waiver provisions. We retain appellate jurisdiction over the appeal, pending receipt of the letter and further action by this court.