# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2010

No. 09-50779
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR FERNANDO RUBIO, also known as Omar G. Rubio,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-375-3

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edgar Fernando Rubio appeals the 95-month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana. On appeal, Rubio asserts that the district court erred by failing to grant him a two-level sentencing reduction based upon his minor role in the offense. However, as the Government contends, the instant appeal is barred by the waiver-of-appeal provision in Rubio's plea agreement, which was knowing, voluntary, and enforceable. *See United States v. Robinson*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

187 F.3d 516, 517 (5th Cir. 1999); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994); FED. R. CRIM. P. 11(b)(1)(N).

In his opening brief, Rubio contends that the Government waived enforcement of the waiver provision by failing to invoke it at the time he filed his notice of appeal. He is incorrect. *See United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006). Rubio preserves for possible Supreme Court review his contention that waivers of the right to appeal a sentence are not knowing and voluntary because they are entered before the defendant knows the rights he is sacrificing. *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992) (a waiver provision is entered knowingly and voluntarily so long as the defendant knew he had a right to appeal his sentence and gave up that right voluntarily).

The judgment of the district court is AFFIRMED.