FILED
United States Court of Appeals
Tenth Circuit

March 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDUARDO BANUELOS-BARRAZA,

Defendant-Appellant.

No. 10-4125
(D.C. No. 2:09-CR-00108-TC-2)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Eduardo Banuelos-Barraza pleaded guilty to one count of possession of

cocaine with intent to distribute and one count of reentering as a previously

removed alien. The district court then sentenced Mr. Banuelos-Barraza to 46

months in prison followed by 60 months supervised release. Trial counsel

subsequently withdrew from the case, but filed a notice of appeal before she did.[1]

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Banuelos-Barraza's appellate counsel points out that the notice of

(continued...)

Mr. Banuelos-Barraza's newly appointed appellate counsel has now filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that she discerns no colorable basis for the appeal and seeking leave to withdraw.

*Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." 386 U.S. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Id.* And we must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In her *Anders* brief, Mr. Banuelos-Barraza's current counsel identifies three potential points of appeal in this case: the district court's decision denying Mr. Banuelos-Barraza's motion to suppress; the reasonableness of the sentence the

---

[1](...continued)
appeal was not timely filed, coming one day after the 14 day period afforded by Fed. R. App. P. Rule 4(b)(1)(A). This rule is not jurisdictional, however, *see United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007), and we have declined to enforce it *sua sponte* in circumstances similar to these, *see United States v. Mitchell*, 518 F.3d 740, 750-51 (10th Cir. 2008). Mr. Banuelos-Barraza's motion to modify the record on appeal is mooted by this ruling.

district court chose; and the effectiveness (or ineffectiveness) of trial counsel. All three lines of attack, counsel argues, would be pointless, lacking any merit. Despite being afforded opportunity to do so, Mr. Banuelos-Barraza has not submitted any materials disputing this analysis or identifying any other additional arguments he would like to pursue. Similarly, the government has indicated by letter its intent not to respond to the *Anders* brief. After our own independent review of the record, we agree with Mr. Banuelos-Barraza's counsel that any appeal in this case would be fruitless.

*First*, the *Anders* brief argues that, if we were to reach the merits of the district court's suppression ruling, we would find no error in it. With this we agree. Mr. Banuelos-Barraza consented to the search in question. What's more, as the district court found, the searching officer had reasonable suspicion of a traffic violation to justify stopping Mr. Banuelos-Barraza's vehicle; reasonable suspicion of criminal activity to justify continuing the stop while waiting for a drug detecting dog; and probable cause to search Mr. Banuelos-Barraza's vehicle once the drug detecting dog alerted. In these circumstances, the district court's finding that the search comported with the Fourth Amendment is unassailably correct and any appeal of it would be pointless.[2]

---

[2] Separately, the *Anders* brief argues that Mr. Banuelos-Barraza waived any right to challenge the district court's suppression ruling when he chose to accept an unconditional plea agreement. With this, however, we cannot agree. This court has held that the "government cannot rely on defense counsel's

(continued...)

*Second*, the *Anders* brief raises the possibility that Mr. Banuelos-Barraza might challenge his sentence. But our review of Mr. Banuelos-Barraza's sentence, which is at the bottom of the advisory guidelines range, confirms counsel's assessment that it is neither procedurally nor substantively unreasonable. We therefore agree with Mr. Banuelos-Barraza's counsel that this avenue of appeal would be unavailing as well.

*Third*, the *Anders* brief raises the possibility that Mr. Banuelos-Barraza might argue his trial counsel was ineffective. The brief correctly notes, however, that except in extraordinary circumstances claims of ineffective assistance of counsel "should be brought in collateral proceedings rather than on direct appeal from a conviction." *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir.

---

[2](...continued)
raising" the existence of a plea agreement waiver "in an *Anders* brief as a substitute for fulfilling [the government's] own obligation to seek enforcement of the plea agreement." *Calderon*, 428 F.3d at 931. And there is no motion from the government seeking to enforce an appellate waiver in this case — only defense counsel's estimation that such a motion would succeed if it were forthcoming. Of course, the requirement of a motion seeking to enforce an appellate waiver isn't meant to be an empty formalism. If defense counsel had "ascertain[ed] and certif[ied]" to this court that the "[g]overnment would rely on the defendant's appellate waiver before moving to withdraw," we could have, without the necessity of motions practice, been sure that the government would have invoked the plea waiver and agreed with defense counsel's assessment that the plea agreement barred her client's way. *United States v. Davis*, 530 F.3d 318, 320 (5th Cir. 2008). Likewise, if there was evidence that the government had "formally committed itself *always* to enforce appellate waivers," defense counsel's position here "would be stronger." *Id.* But we have nothing like that in this case, just a speculative possibility that the government *might* invoke a winning argument.

2006).  And, like counsel, we discern no reason why we would depart from that rule in this case.

Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge