# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2013

No. 12-41278
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DARIO CIRINO DOMINGUEZ, also known as Dario Dominguez Cirino, also known as Dario Cirino-Dominguez, also known as Eduardo Dominquez Cirino,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-252-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dario Cirino Dominguez (Cirino) appeals the sentence imposed following his guilty plea to being found in the United States illegally after deportation. Cirino was sentenced to 90 months in prison and to one year of supervised release. He contends that the sentence imposed is procedurally and substantively unreasonable because it includes a supervised release term notwithstanding the recommendation of U.S.S.G. § 5D1.1(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government moves for dismissal of the appeal because Cirino's claim of error is barred by his appeal waiver. While he has recognized the existence of the appeal waiver and certified that the Government intends to enforce the waiver, *see United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006), Cirino has not challenged its validity on appeal nor asserted that he is appealing based on the exceptions to the appeal waiver. Accordingly, he has abandoned any argument that the waiver is invalid or inapplicable. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). Moreover, a review of the record indicates that Cirino knowingly and voluntarily waived his right to appeal his sentence, *see United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994), and that his challenge to the inclusion of a term of supervised release in the sentence does not fall within the exceptions to the waiver.

Although a valid waiver does not implicate our jurisdiction, *see United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006), Cirino's appeal of his sentence is clearly barred by the waiver, and the appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (per curiam); 5TH CIR. R. 42.2. The Government's motion to dismiss is granted, and its alternative motion for an extension of time to file a brief is denied as unnecessary.

APPEAL DISMISSED; GOVERNMENT MOTION GRANTED IN PART AND DENIED IN PART AS UNNECESSARY.