# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2013

Lyle W. Cayce
Clerk

No. 12-41393
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ERNESTO NERIO-CASTRO, also known as Jose Zamarrippa-Perez, also known
as Jose Zamaripa-Perez, also known as Ernesto Nereo-Hernandez, also known
as Chino, also known as Ernesto Neri-Castro, also known as Ernesto Hernandez,
also known as Ernestro Castro,

Defendant – Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-68-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ernesto Nerio-Castro appeals the sentence imposed following his guilty
plea conviction for being found in the United States illegally after removal.
Nerio-Castro was sentenced to 71 months in prison and three years of supervised
release. He contends that his sentence is procedurally and substantively
unreasonable because it includes a term of supervised release notwithstanding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the language of U.S.S.G. § 5D1.1(c) ("The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.").

The Government moves for dismissal because Nerio-Castro's appeal is barred by the waiver of appeal in the plea agreement. The waiver provides that "the defendant expressly waives the right to appeal the conviction[ and] sentence . . . on all grounds" except (1) "any punishment imposed in excess of the statutory maximum," and (2) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself."

While he recognizes the existence of the appeal waiver and certifies that the Government intends to enforce it, *see United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006), Nerio-Castro has not challenged the validity of the waiver nor asserted that either of its exceptions apply. Accordingly, he has abandoned any argument that the waiver is invalid or inapplicable. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). Moreover, a review of the record indicates that Nerio-Castro knowingly and voluntarily waived his right to appeal his sentence, *see United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994), and that his challenge does not fall within the exceptions to the waiver.

Although a valid appeal waiver does not implicate our jurisdiction, *see United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006), Nerio-Castro's appeal of his sentence is clearly barred by the waiver, and the appeal is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983); 5TH CIR. R. 42.2. The Government's motion to dismiss is GRANTED, and its alternative motion for an extension of time to file a brief is DENIED as unnecessary.