# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50569
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD GLENN LAMB,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-375-2

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Donald Glenn Lamb, Jason B. McMinn, has moved for leave to withdraw and has filed briefs in support of his motion. *See Anders v. California*, 386 U.S. 738 (1967); *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Lamb has responded. The record is not sufficiently developed to allow us to make a fair evaluation of Lamb's claims of ineffective assistance of counsel; we therefore decline to consider the claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's briefs and the relevant portions of the record reflected therein, as well as Lamb's responses. Because the attorney's briefing was not satisfactory despite three attempts, we have also conducted an independent assessment of the record. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

Although Lamb's appeal presents no nonfrivolous issues, counsel's work in this appeal was of little assistance to this court in determining that such was the case. Counsel initially filed a motion to withdraw and brief, unaccompanied by the rearraignment transcript or any discussion of the appeal waiver provision—both of which were essential to addressing whether the appeal presented any nonfrivolous issues. In a supplemental *Anders* brief, counsel did little to comply with this court's previous order, adding only a few sentences purporting to address the validity of the appeal waiver. On June 8, 2015, in ordering a revised supplemental brief, this court directed counsel to, inter alia, reference the points in the *Anders* checklist posted on this court's website and to include in his revised supplemental brief "*proper citations to the record and relevant authority*." A sanction warning also issued. Despite the latter order, in his revised supplemental brief, counsel does little to remedy his prior deficiencies. He fails to address whether any exception to the waiver applies or whether the Government has complied with the plea agreement. In addition, counsel still has not certified, pursuant to *United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006), whether the Government intends to enforce

No. 13-50569

the appeal waiver. He also entirely neglects to discuss the district court's compliance with Rule 32 of the Federal Rules of Criminal Procedure, and he does not address the procedural and substantive reasonableness of the sentence imposed in more than a conclusional way.

Accordingly, McMinn is ordered to show cause, within 15 days from the date of this opinion, why this court should not order that payment for services rendered and expenses incurred by him in this appeal be disallowed and denied. *See United States v. Gaitan*, 171 F.3d 222, 223 (5th Cir. 1999) (imposing sanction for pursuing appeal on sentencing issues contrary to a waiver-of-appeal provision in defendant's plea agreement).

MOTION GRANTED; APPEAL DISMISSED; COUNSEL ORDERED TO SHOW CAUSE.