# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 28, 2022

Lyle W. Cayce
Clerk

No. 21-51019
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Shelly Ann Smith,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-2349

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Shelly Ann Smith pleaded guilty, pursuant to a plea agreement, to importation of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 952(a). She was sentenced in 2021 to, *inter alia*, a below-Sentencing Guidelines term

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51019

of 60-months' imprisonment.  Under the terms of the plea agreement, Smith waived, *inter alia*, her right to appeal or to collaterally challenge her sentence, with exceptions not applicable to this appeal.  Notwithstanding this waiver, Smith asserts the district court did not reasonably consider the 18 U.S.C. § 3553(a) sentencing factors.

This appeal is barred, as the Government contends, by the waiver-of-appeal provision in Smith's plea agreement, which was knowing, voluntary, and enforceable.  *E.g.*, *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir. 1994) ("[W]hen the record. . . clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed."); Fed. R. Crim. P. 11(b)(1)(N).  (In her response to the Government's motion to dismiss based on the appeal waiver, Smith contends the Government waived enforcement of the waiver by failing to invoke it when she filed her notice of appeal.  This contention, which borders on being frivolous, is totally without merit.  *E.g.*, *United States v. Acquaye*, 452 F.3d 380, 381–82 (5th Cir. 2006) ("Ordinarily the government urges waiver of appeal after the defendant has filed either a merits brief or an *Anders* brief." (citation omitted)).)

AFFIRMED.