# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2024

Lyle W. Cayce
Clerk

_____

No. 23-40135
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Cortese Sears,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-203-1

_____

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Cortese Sears pleaded guilty to being a felon in possession of ammunition under 18 U.S.C. § 922(g)(1). The attorney appointed to represent him moved for leave to withdraw and filed a brief relying on *Anders v. California*, 386 U.S. 738 (1967). Sears did not file a response. His counsel filed a supplemental brief after we ordered him to address whether there is a nonfrivolous issue for appeal that Sears's conviction violates the Second

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40135

Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and whether such a challenge is barred by the appeal waiver in Sears's plea agreement. Sears filed a response to the supplemental brief, arguing that his counsel's assistance was ineffective, the evidence was insufficient, and his plea was made unintelligently.

Sears's counsel confirmed that the Government would seek to enforce the appeal waiver in Sears's plea agreement. *See United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006). To determine whether the waiver bars his appeal, "we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

We first consider whether Sears's plea and appeal waiver were knowing and voluntary. *See United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997) ("So long as a plea is informed and voluntary, we will enforce a waiver of appeal."). Sears argues that his plea was made "unintelligently."

"Federal Rule of Criminal Procedure 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." *United States v. Omigie*, 977 F.3d 397, 402 (5th Cir. 2020) (internal quotation marks and citation omitted). Sears did not object to the Rule 11 colloquy, so we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002). The magistrate judge did not advise Sears that the statements made under oath in a plea proceeding may be used by the government in a prosecution for perjury or false statement. *See* Fed. R. Crim. P. 11(b)(1)(A). But nothing in the record suggests that had Sears been admonished as to this fact, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83

2

(2004). The magistrate judge otherwise complied with Rule 11, and no evidence supports Sears's contention that his plea was involuntary.

Likewise, we conclude that Sears's appeal waiver was knowing and voluntary because the record shows that "he [both] read and understood the agreement, which include[d] an explicit, unambiguous waiver of appeal," *see United States v. Kelly*, 915 F.3d 344, 350 (5th Cir. 2019) (alterations in original), and he "raised no question regarding [the] waiver-of-appeal provision," *see United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). So we consider the rest of Sears's arguments in light of the plain language of his waiver.

The waiver bars him from appealing "the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds," but allows him to appeal in two limited circumstances: (1) a sentence that exceeds the statutory maximum; and (2) ineffective assistance of counsel.

Sears argues that the "evidence was insufficient." We construe this statement as challenging the factual basis of his plea. The appeal waiver does not bar this challenge. *See United States v. Ortiz*, 927 F.3d 868, 873 (5th Cir. 2019). But the record establishes that there was a sufficient factual basis to support the guilty plea. Sears also signed a factual basis in which he stipulated that he possessed ammunition and knew it was prohibited because he was a felon. At the rearraignment hearing, Sears confirmed that he had read the factual basis, talked to his lawyer about it, understood it, confirmed that it was true and correct, and did not ask for any changes or corrections. *See United States v. Strother*, 977 F.3d 438, 444 (5th Cir. 2020) ("[S]olemn declarations in open court carry a strong presumption of verity." (alteration in original) (citation omitted)).

Sears's claim that his counsel was ineffective also survives the appeal waiver, but because "the record is undeveloped as to trial counsel's 'conduct

and motivations,'" we decline to consider it without prejudice to his right to pursue relief on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (citation omitted).

To the extent Sears challenges the district court's Guidelines calculation, that challenge is barred by the waiver because he agreed to "waive[] the right to appeal [his] . . . sentence . . . in this case on all grounds."

Finally, even assuming the appeal waiver does not bar a constitutional challenge to § 922(g), it would fail on the merits. Sears did not preserve a Second Amendment challenge in the district court. "Given the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that *Bruen* dictates such a result," we have held that a defendant cannot prevail on a *Bruen* challenge to § 922(g)(1) on plain-error review. *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) (per curiam).

After conducting our own independent review of the record, counsel's brief, and Sears's response, we agree with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.